IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| APPLIED FOOD SCIENCES, Inc. | § § § | |
| Plaintiff, | § | |
| v. | § § | Civil Action No. 12-5048 |
| HEARTWISE, INC., and JOHN DOE | § § § | |
| Defendants | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, Applied Food Sciences, Inc. (hereinafter "Applied Foods" or "Plaintiff") complains of HeartWise Inc, and John Doe and would show the Court the following:

### I.
### JURISDICTION AND VENUE

1. The jurisdiction of this Court over the claims in this suit is founded upon 15 U.S.C. §1121 and 28 U.S.C. §1338(a). Defendants are promoting, publicizing, and selling the below-described infringing products in this judicial district. Venue is, upon information and belief, proper under 28 U.S.C. §1391(b) and (c).

### II.
### PARTIES

2. Plaintiff Applied Food Sciences, Inc. is a corporation organized under the laws of the State of Delaware, having its principal place of business in Austin, Texas.

3. Defendant HeartWise, Inc., is an Oregon corporation with its principal place of business at 625 N. Mountain Ave., Ashland, Oregon 97520. Upon information and belief, HeartWise, Inc. promotes, advertises, and sells the product "Green Coffee Ultra" through the website www.greencoffeeultra.com. The Green Coffee Ultra product infringes upon the

trademark at issue in this suit. HeartWise may be served by service upon its registered agent, Davidpaul Doyle at 625 N. Mountain Ave., Ashland, OR 97520.

4.     Defendant John Doe is the person or entity promoting, advertising, and selling infringing products through the website thegreencoffeeextract.com. The Green Coffee Extract product infringes upon the trademark at issue in this suit. Plaintiff has attempted to determine the true identity of John Doe through a reasonable inquiry. Plaintiff attempted to determine the host of John Doe's website and investigated ownership of trademarks similar to the marks used on John Doe's product to connect such owners to John Doe. Ultimately, though, Plaintiff was unable to determine the true identity of John Doe. Plaintiff intends to conduct discovery regarding John Doe's true identity, including discovery related to the various potential hosts of John Doe's website, upon filing of this action. Upon identification of John Doe, Plaintiff will amend its Original Complaint, naming John Doe by his or its true identity.

## III.
### FACTS

5.     Applied Foods is in the business of manufacturing and selling nutritional supplements. Since at least as early as July 17, 2003, Applied Foods has marketed one of its supplements under the trademark GCA.

6.     Applied Foods' GCA supplements are of high quality and have salutary health benefits. Its GCA supplements have received favorable reviews in the marketplace, including independent endorsements on national television, which have resulted in high consumer demand for Applied Foods' supplements.

7.     Applied Foods' GCA supplements may be incorporated as an ingredient into a number of types of products. As a result, Applied Foods has begun a licensing program whereby it permits manufacturers of other products to include Applied Foods' supplement in their

products and identify on labeling and advertising that such products contain Applied Foods' GCA-branded supplement.

8.   Examples of products sold by Applied Foods' licensees Jarrow Formulas and Source Naturals, which contain Applied Foods' GCA-branded supplements as an ingredient, are depicted in Exhibit A.

9.   As a result of Applied Foods' licensing program, its GCA-branded supplements are sold throughout the United States and abroad and have become well-known in the marketplace.

10.   As a result of the widespread use and promotion of Applied Foods' GCA supplements and licensed products containing GCA-branded supplements, as well as the favorable consumer acceptance and recognition of such products, the GCA trademark has come to identify Applied Foods' supplements in the marketplace, and it represents a valuable goodwill belonging exclusively to Applied Foods.

11.   In recognition of Applied Foods' ownership and exclusive right to use the mark GCA in connection with nutritional supplements, the United States Patent and Trademark Office issued U.S. Registration No. 2891730 to Applied Foods on October 5, 2004.  A true and correct copy of the U.S. Registration No. 2891730 is attached hereto as Exhibit B.

12.   U.S. Registration No. 2891730 is valid, subsisting, and incontestable under 15 U.S.C. §1065.

13.   Defendants are using Applied Foods' trademark GCA as a brand name for nutritional supplement ingredients, as evidenced by copies of the packaging for each Defendant's product attached hereto as Exhibit C.  Such products are identical or related to the types of products on which Plaintiff's GCA trademark are used.

14. As shown in Exhibit C, the GCA trademark is used, together with the trademark registration symbol, on product packaging, labels and promotional materials for Defendants' products.

15. On information and belief, the sale and promotion of Defendants' products take place in and are directed to all regions of the United States, including this Judicial District and Division.

16. Defendants are not licensees of Plaintiff and, to Plaintiff's knowledge, Plaintiff has not sold GCA-branded supplements to Defendants for use as ingredients in Defendants' products. Plaintiff has in no way authorized or consented to Defendants' use of its GCA mark.

17. Defendants' use of Plaintiff's GCA mark is likely to cause confusion or to cause mistake, or to deceive consumers and others in relevant populations, as to the origin, sponsorship, approval or affiliation of Defendants' goods.

18. In addition, Defendants' use of Plaintiff's GCA trademark in connection with their own branded products are likely to lead some segment of the relevant population to wrongly believe that the GCA mark is owned or controlled by Defendants, and that the products of Plaintiff and of Plaintiff's licensees are produced by, sponsored by, approved by, or affiliated with Defendants.

19. Defendants' use of Plaintiff's mark GCA, together with the trademark registration symbol, on and in connection with Defendants' products are false and misleading representations of fact that lead consumers to believe wrongly that Defendants' products contain Plaintiff's GCA-branded supplements or that Plaintiff has licensed Defendants, and therefore endorses, oversees or controls the quality of Defendants' products.

20. Defendants' use of Plaintiff's GCA mark, together with the trademark registration symbol, is identical with or substantially indistinguishable from legitimate uses of Plaintiff's mark and, therefore, is a counterfeit of Plaintiff's registered mark GCA.

21. Defendants' use of the trademark registration symbol in connection with its spurious use of Plaintiff's mark GCA indicates that Defendants' adoption and use of the GCA mark was in willful disregard of Plaintiff's registered rights and with an intent to create a false association with Plaintiff and to trade upon the goodwill built by Plaintiff over nearly ten years.

## IV.
## CAUSES OF ACTION

### *Count I – Federal Trademark Infringement*

22. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

23. The use by Defendants of the brand name GCA in interstate commerce is likely to cause confusion, mistake, or deception among purchasers or prospective purchasers as to the respective source, sponsorship, approval or affiliation of Plaintiff's and Defendants' products.

24. Defendants are therefore liable for infringement of Plaintiff's federally registered trademark under 15 U.S.C. §1114(1).

25. Plaintiff Applied Food Sciences, Inc. has been and is being irreparably damaged by the foregoing acts of Defendants and, unless Defendants are restrained, said acts will continue. Having no adequate remedy at law, Plaintiff Applied Food Sciences, Inc. seeks injunctive relief in addition to its actual damages, Defendants' profits and the costs of this action.

26. The willful nature of Defendants' infringement renders this case exceptional within the meaning of 15 U.S.C. §1117, entitling Plaintiff Applied Food Sciences, Inc. to an award of its reasonable attorney fees.

### *Count II - Federal Unfair Competition – Passing Off and False Advertising*

27.     Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

28.     The use by Defendants of the brand name GCA in the manner described is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff, or as to the origin, sponsorship, or approval of Defendants' goods or commercial activities by Plaintiff.

29.     The use by Defendants of the brand name GCA in the manner described misrepresents the nature, characteristics and qualities of Defendants' products.

30.     Defendants are therefore liable for using terms, names, false or misleading descriptions of fact, or false or misleading representations of fact in violation of 15 U.S.C. §1125(a).

31.     Plaintiff Applied Food Sciences, Inc. has been and is being irreparably damaged by the foregoing acts of Defendants and, unless Defendants are restrained, said acts will continue.  Having no adequate remedy at law, Plaintiff Applied Food Sciences, Inc. seeks injunctive relief in addition to its actual damages and Defendants' profits and the costs of this action.

32.     The willful nature of Defendants' infringement renders this case exceptional within the meaning of 15 U.S.C. §1117, entitling Plaintiff Applied Food Sciences, Inc. to an award of its reasonable attorney fees.

### *Count III - Federal Trademark Counterfeiting*

33.     Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

34.     Defendants' infringement of Plaintiff's GCA mark constitutes the use of a counterfeit mark as defined in 15 U.S.C. §1127.

35. In addition, Defendants' infringement consists of intentionally using a mark, knowing such mark is a counterfeit mark, in connection with the sale of goods.

36. As such, Plaintiff is entitled to recover under 15 U.S.C. §1117(b) and (c), at its election, either three times Defendants' profits or Plaintiff's damages, whichever is greater, or statutory damages up to $2,000,000 per type of goods sold.

37. Plaintiff shall make such election prior to the time that final judgment is rendered by the Court.

*Count IV – Common Law Unfair Competition, Misappropriation and Trademark Infringement*

38. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

39. Defendants' acts constitute unfair competition, misappropriation and trademark infringement under common law.

40. Plaintiff Applied Food Sciences, Inc. has been and is being irreparably damaged by the foregoing acts of Defendants and, unless Defendants are restrained, said acts will continue. Having no adequate remedy at law, Plaintiff Applied Food Sciences, Inc. seeks injunctive relief in addition to its actual damages and Defendants' profits and the costs of this action.

41. The willful nature of Defendants' acts entitles Plaintiff to enhanced relief and reasonable attorney fees as determined at trial.

*Count V – Unjust Enrichment*

42. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

43. Defendants are being unjustly enriched by receiving a benefit from their unauthorized use of Plaintiff's mark and accompanying goodwill in connection with the promotion and sale of goods in the marketplace.

44. The resulting inequity damages and irreparably harms Plaintiff because of Defendants' retention of such benefit.

**PRAYER FOR RELIEF**

45. WHEREFORE, Plaintiff, Applied Food Sciences, Inc. respectfully prays:

(a) That Defendants and each of their respective agents, servants, employees, parent and subsidiary entities, successors, and assigns, and all other persons in active concert and participation with Defendants, be enjoined from using the mark GCA (alone or as part of a composite mark) or any colorable variations thereof in any manner with respect to the sale of nutritional supplements, or in association with any goods used in association with which the use of such marks would reasonably give rise to a likelihood of confusion.

(b) That Defendants be ordered to deliver up for destruction all remaining goods, signs, advertisements, circulars, brochures, and any other items in their possession or under their control which bear the GCA mark (alone or as part of a composite mark) or any colorable variation thereof, and to then deliver up for destruction all means unalterably designed for the making GCA branded items which, if sold or displayed without the consent of Plaintiff Applied Food Sciences, Inc., would be in violation of the injunction set forth in the preceding paragraph (a).

(d) That Defendants be required to account to Plaintiff Applied Food Sciences, Inc. for any and all profits, if any, derived by Defendants from the aforesaid misconduct, and for all damages sustained by Plaintiff Applied Food Sciences, Inc. by reason of said unlawful acts, and that, if further investigation yields facts which justify such a holding by this Court, that said damages be enlarged by virtue of 15 U.S.C. §1117(b).

(e) That costs of this action be awarded to Plaintiff Applied Food Sciences, Inc.

  (f) That Plaintiff be awarded its reasonably attorney fees.

  (g) That, if Plaintiff so elects, Plaintiff be awarded statutory damages in an amount of $2,000,000 per type of product sold by Defendants.

  (h) That Plaintiff be granted such other and further relief as the Court deems proper and just.

           Respectfully submitted,

           Looper, Reed & McGraw, P.C.

           DAVID G. HENRY, SR.
           State Bar No. 09479355
           RUSSELL E. JUMPER
           State Bar No. 24050168

           1601 Elm Street; Ste. 4600
           Dallas, Texas 75201
           (214)954-4135
           (214)953-1332 (Facsimile)
           dhenry@lrmlaw.com
           rjumper@lrmlaw.com

           By: */s/ David G. Henry*
             DAVID G. HENRY
             State Bar No. 09479355

           **ATTORNEYS FOR APPLIED FOOD SCIENCES, INC.**